Norman # 25415-037
Petersburg-Med.
P.O. Box 90043
Petersburg, Virginia 23804

FILED                ENTERED
LODGED               RECEIVED

JUN 18 2007

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                        DEPUTY

Clerk of Court
U.S. District Court
District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201-2691

Re: <u>United States v. Norman Brown</u>; Crim. No. WMN-90-0454
    Motion for Reconsideration.

Dear Clerk,

    Please find enclosed for filing an original plus a true
copy of the above entitled motion to be filed with the Court.
Please inform the undersigned when the instant petition is filed
Thank You.

Date: 6·7·07 .

                        Respectfully Submitted,

                        Norman Brown #25415-037
                        Petersburg-Med.
                        P.O. Box 90043
                        Petersburg, Virginia 23804



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,              *

        Respondent              *

                           *

         v.              *    Criminal No.# WMW-90-0454

                           *

NORMAN BROWN,              *

        Petitioner              *

                           *

MOTION FOR RECONSIDERATION OF THE DENIAL OF
PETITIONER'S MOTION FOR REDUCTION OF SENTENCE
PURSUANT 18 U.S.C. § 3582(c)

NOW COMES, the petitioner Norman Brown, pro-se, in the above entitled matter and respectfully moves this Honorable Court to reconsider its June 6, 2007 Order denying his motion for Reduction in Sentence Pursuant Title 18 U.S.C. § 3582(c) and/or alternative Rule 35(a) Fed. R. Crim. Proc; and motion for Imposition of Sentence pursuant to 3553 (a)(b) and 5K2.19 thereof the following is set forth.

## STATEMENT OF THE CASE

On January 15, 1993, the Court sentenced Norman Brown to a term of life without the possibility of parole. The sentence was affirmed by the Court of Appeals for the Fourth Circuit in July 15, 1996. See, United States v. Ford, 88 F.3d 1350 (4th Cir. 1992) [The facts of this case are fully set forth in Ford, supra.]

## STATEMENT OF FACTS

ON or about March 15, 2007, the petitioner Brown filed a motion for Reduction of Sentence pursuant 18 U.S.C.§ 3582(c)(2) and/or alternative Rule 35(a) Federal Rules of Criminal Procedure and Motion for Imposition of Sentence pursuant to § 3553(a)(b) and 5k2.19. The District Court, the Honorable William Nickerson denied Brown's motion June 6, 2007 in its memorandum order the District Court concluded that "Mr. Brown received his life sentence based not solely upon the then-applicable sentencing guidelines, but also by application of a mandatory minimum statutory sentence under 21 U.S.C. § 841(b)(1)(A)(iii)". Id. [Memorandum at 2]

The petitioner Brown submits that with all due respect, the District Court lacked jurisdiction to sentence him under the statutory maximum of life without parole under 21 U.S.C. § 841 (b)(1)(A)(iii) where the AUSA did not timely file its intent for enhancements under §851. This notice was only given to the defense after several days and the empaneling of the jurors. Thus the court lacked jurisdiction to senten him to a mandatory life sentence.

-1-

I.   THE DISTRICT COURT LACKED JURISDICTION TO
     SENTENCE BROWN TO A MANDATORY LIFE SENTENCE
     WITHOUT PAROLE WHERE THE AUSA DID NOT TIMELY
     FILE ITS 851 NOTICE

Assuming arguendo, the government will contend that this
claim is subject to waiver, preclusion or procedural bar.  The
Petitioner Brown submits that a claim based on the District
Court's lack of jurisdiction cannot be procedurally defaulted.
See, e.g. Harris v. U.S., 149 F.3d 1304 (11th Cir. 1998) ("District
Court lack jurisdiction to enhance sentence unless the government
strickly complies with the procedural requirements of § 851(a).")
(collecting cases in n.4

In the instant case, the District Court, the Honorable
William Nickerson hands are tied.  The Court is unable to grant
Brown's request for reduction of his sentence because he has been
sentence under the mandatory life sentence under title 21 U.S.C.
§ 841 (b)(1)(a)(iii).  Under this statue, where a defendant is
convicted of an offense involving 50 grams or more of cocaine base
and committed "after-two or more prior convictions for a felony
offense have became final. such person shall be sentenced to a
mandatory term of life inprisonment without parole."  The Petitioner
Brown submits because the AUSA did not timely file its intent to
seek an enhanced sentence under 21 U.S.C. § 851 (a) the District
Court was without jurisdiction to sentence him to a mandatory life
sentence without parole.

See, e.g. <u>United States v. Belanger</u>, 970 F.2d 416, 418 (7th Cir. 1992)("Failure to file notice prior to trial deprives the district court of jurisdiction to impose an enhanced sentence") and <u>United States v. Wright</u>, 932 F.2d 868, 882 (10th Cir. 1991)("Failure to file the information prior to trial deprives the district court of jurisdiction to impose an enhanced sentence".)


II.   THE PETITIONER BROWN IS ACTUALLY INNOCENT OF HIS SENTENCE
      OF LIFE WITHOUT PAROLE UNDER 21 U.S.C. SECTION 841(b)(1)(A)
      (iii) WHERE THE PRIORS USED TO ENHANCE HIS SENTENCE WAS
      PART OF THE SAME COURSE OF CONDUCT.

      First, the petitioner Norman Brown submits that this claim is not subject to waiver, preclusion or procedural bar where he is actually innocent of his mandatory life sentence without parole where the priors used to enhance his sentence under 21 U.S.C. § (b)(1)(A)(iii) was part of the same course of conduct. See, <u>U.S. v. Maybeck</u>, 23 F.3d 888 (4th Cir. 1994) ("defendant was prejudiced by career offender sentencing designation for which he was actually innocent and therefore, was entitled to relief".); <u>Mobley v. U.S.</u>, 974 F.Supp 553 (E.D. Va. 1997) ("actual innocence of non-capital sentence excuses a petitioner from meeting the cause and prejudice requirement for raising a defaulted claim".)

      In the instant case, the priors used to enhance Brown's sentence was based on two (2) felony convictions for distribution in the United States District Court for the District of Columbia. See [True Copy of Notice of Enhancements hereto attached]

Instructive analysis for this purpose is the Fourth Circuit's decision in U.S. v. Ford, 88 F.3d 1350 (4th Cir. 1996). In Ford after sentencing, Jeffrey A. Reid [Brown's Co-defendant] attorney learned that the 1987 drug conviction used in the Criminal History Category determination resulted from Reid's participation as a [  ] member of the Winestock group for the distribution of cocaine in Washington. Reid argued for the first timr that he should not have received Criminal History points for the prior drug conviction because it was part of the same course of conduct as his current convictions. Id. at 1355. The government conceded that Reid should not have received criminal history points for the 1987 conviction but argues that Reid failed to raise the issue before the district court at sentencing. Nevertheless counsel for Reid raised the claim on appeal for plain error and the Court of Appeals agreed. The Court of Appeals held that "the error was plain because, under the Sentencing Guidelines, a defendant should receive Criminal History points for a "prior sentence" only if the prior conviction arised from conduct not part of the instant offense." U.S.S.G. §4A1.2(a)(1). Citing, [  ] United States v. Robinson, 20 F.3d 270, 273 (7th Cir. 1994) ("A sentence based on an incorrect guideline range constitutes an error affecting substantial rights and can thus constitute plain error." ) Id. Ford, at 1356.

In this case, like the petitioner Reid Brown submits that the priors used to enhance his sentence under 21 U.S.C. § 851(a) were part of the same course of conduct charged in the conspiracy.

Title 21 U.S.C. § 851 of the United States Code provides in pertinent part that:

> (a)(1) No person who stands convicted of an offense under this part shall be sentenced to increase punishment by reason of one or more prior convictions, unless before trial or before entry of a plea of guilty, the United States Attorney files an information with the Court........

See Title 21 U.S. C. § 851(a)

In the subject matter, the AUSA did not file its notice "prior to trial" as required by § 851. The AUSA gave notice of its intent to seek a enhanced sentence on November 4, 1991 which was several days into the empaneling of the jurors and on the eve of trial. See (true copy of notice to enhance sentence dated November 4, 1991) The Court of Appeals in <u>Kelly</u> held that the District Court did not have jurisdiction to impose an enhanced sentence for drug conspiracy convictions absent a finding that the defendant received timely notice of the possibility of an enhanced sentence based on prior conviction. See, <u>Kelly v. U.S.</u>, 29 F.3d 1107 (7th Cir. 1994)("The question here is defining what § 851(a) means when it requires service "before trial." As far as we can tell every Court of Appeals to have addressed this question has concluded that before trial means before jury selection begins".)   At risk of flogging the point, the petitioner Brown submits the District Court lacked jurisdiction to sentence Brown to a mandatory life sentence without parole under § 841 (b)(1)(A)(iii) where the AUSA had failed to timely file its intent to an enhanced sentence under § 851.

As admitted in a colloquy by the Government, AUSA Skalla noted:

Ms. Skalla: Actually, your Honor, he is correct, there
are more than two events that we discussed. Officer Smith
we discussed two particular buys, one on July 13, 1987
and the other one July 15, 1987. We discussed these in
chambers.

"Your Honor, Officer Smith was acting in an undercover
capacity in the Woodbridge neighborhood and he purchased
on the first day. On the 13th, cocaine from someone  by
the name of Robert Wright who goes by the nickname of
Fat Man, who was on the Organizational chart the [   ]
government used in its opening,**alleging to be part of
the early days of this conspiracy.** The undercover officer
arranged the purchase through Mr. Wright.  Mr. Brown
showed up when the actual delivery occured and the drugs
passed from Mr. Brown's hands. On the Second day the
purchase was directly from Mr. Brown. Mr. Wright was not
around. Your Honor, once again, it is putting **this in
the neighborhood when the most of drug activity occured.
It is part of the early days of this** [sic] **conspiracy.
It fit to a T, the conspiracy in its earlydays and the
information**".

See, [True Copy Trial Transcripts 804-806 attached]

In further discussion, the AUSA Skalla noted:

Ms. Skalla: Your honor, the indictment alled that this
organization existed from 1986 through December 1989.
This evidence indicates that Mr. Brown was involved in
the distribution of cocaine in at least 1987.

There will be other evidence linking him to the conspiracy
in 1986 and actually earlier than that. These particular
witnesses, we will try to stick with them.

Your Honor, the events occured in the Woodbridge neighborhood
in fact, very close to Paul Winestock, Jr's house. U.S. Reid,
a co-defendant in this case, was actually present and very
close by during, I believe, the second of the transaction
on July 15th. Your Honor, all of these things seem to
support the fact that organization, in whatever form existed
in 1987. At least we have just distribution of cocaine in
the neighborhood with co-conspirators who are actually on
trial and some unindicted co-conspirator who will  be [ ]
mentioned later."

Id. [Trial Transcripts at 808-809 attached]

Petitioner Brown submits that as noted from the colloquy the
AUSA Skalla admits and concede that the July 13 and 15 1987 cocaine
distribution offenses used to sentences Brown to a mandatory life
sentence without parole pursuant 841 (b)(1)(A)(iii) were part of
the same course of conduct charge in the conspiracy.  Lastly, Brown
submits that he is actually inocent of his enhanced sentence  under
Title 21 U.S.C. § 851(a).

III.    THE DISTRICT COURT LACKED JURISDICTION TO SENTENCE
        BROWN TO A MANDATORY LIFE SENTENCE WITHOUT PAROLE WHERE
        THE PRIOR OFFENSES USED TO ENHANCE HIS SENTENCE UNDER
        SECTION 851 WERE PART OF THE SAME COURSE OF CONDUCT.

_____

The petitioner re-incorporate by reference the facts alleged
in claim II herein the instant case.

Another way of reviewing this claim is that the district court
lacked jurisdiction to sentence Brown to life without parole where
the priors used to enhance his sentence were part of the same course
of conduct. See, U.S. v. Ford, 88 F.3d 1350 (4th Cir. 1996) ("a def-
endant should receive Criminal History points for a "prior sentence"
only if the prior conviction arises from conduct not part of the [ ]
instant offense".) U.S.S.G. §4A1.2(a)(1).)

As admitted in the colloquy by the AUSA, supra there is no
doubt that the priors used to enhance Brown's sentence were indeed
part of the same course of conduct. [emphasis added] See, [True copy
of Transcripts attached.] Thus he was not subject to any enhancement
under 21 U.S.C. § 851(a).

Wherefore, the petitioner Norman Brown prays this Honorable
Court grant him relief for reconsideration based on the District
Court's lack of jurisdiction and him being actually innocent of
his sentence. Thank You.

Date: 6.7.07 .

Respectfully Submitted,

*Norman Brown*

Norman Brown #25415-037
Petersburg-Med.
P.O. Box 90043
Petersburg, Virginia 23804

<u>Certificate of Service</u>

I, Norman Brown, certify that I have mailed an original plus
a true copy to the Clerk of Court. I have also mailed in the same
way a true copy to the AUSA.  Thank You.

Date· 6.7.07 .

*Norman Brown*

Norman Brown #25415-037
Petersburg-Med.
P.O. Box 90043
Petersburg, Virginia 23804

MR. SOLOMON:  No, Your Honor.

THE COURT:  Mr. Segal?

MR. SEGAL:  No, Your Honor.

MR. GEISE:  No redirect, sir.

THE COURT:  Thank you, Mr. Petty.

Do you have another witness, Ms. Skalla?

MS. SKALLA:  Yes, Your Honor.  The government's

next witness is Officer Myron Smith.  Agent McColl went to

get him.

THE CLERK:  Please raise your right hand.

MYRON SMITH

a witness called on behalf of the Government, having been

previously duly sworn, was examined and testified as

follows:

THE CLERK:  You may be seated.

MR. DREW:  Before the witness testifies, may we

approach?

(Counsel approached the bench.)

MR. ASE:  As you recall when we were in chambers

Thursday afternoon, I indicated to the Court I was going to

object to the testimony by Officer Smith and Officer Romano,

Detective Romano.  I am raising that objection now.  I

believe this is the testimony that is going to be two

separate incidents in 1987 involving my client, and

Detective Smith is an undercover police officer and Officer

490

Romano processed the arrest of my client. I don't believe that two incidents in 1987 are linked to this conspiracy nor can they be linked to the conspiracy by this detective.

In addition to that, Your Honor, I believe there is a subsequent arrest of my client in August of 1987. Found in his car or the car that he was driving, the car was not registered to him, was a phone book. I believe the government is going to try to move that evidence in through Officer Romano.

MS. SKALLA: Romano.

MR. ASH: Well, when he gets on the witness stand, I don't think the government will be able to lay a proper foundation for Officer Romano to indicate that the phone book belongs to my client. I think the evidence is going to be tried to get in. This will be improper. The whole thing is the probative value is far outweighed by the prejudice of my client. Given what the government has told us about this case, I don't think it should come in.

THE COURT: Ms. Skalla.

MS. SKALLA: Actually, Your Honor, he is correct, there are more than two events that we discussed. Officer Smith, we discussed two particular buys, one on July 13, 1987 and the other one on July 15, 1987. We discussed these in chambers.

Your Honor, Officer Smith was acting in an

1  undercover capacity in the Woodbridge neighborhood and he

2  purchased on the first day, on the 13th, cocaine from

3  someone by the name of Robert Wright who goes by the

4  nickname of Fat Man, who was on the organizational chart the

5  government used in its opening, alleged to be part of the

6  early days of this conspiracy.  The undercover officer

7  arranged the purchase through Mr. Wright.  Mr. Brown showed

8  up when the actual delivery occurred and the drugs passed

9  from Mr. Brown's hands.  On the second day the purchase was

10  directly from Mr. Brown.  Mr. Wright was not around.

11        Your Honor, once again, it is putting this in the

12  neighborhood when most of the drug activity occurred.  It is

13  part of the early days of this conspiracy.  It fit to a T.

14  the conspiracy in its early days and the information.

15        MR. DREW:  May I be heard in addition?  Your

16  Honor, the government is saying that Mr. Wright and Mr.

17  Brown were in some way working together.  That is what the

18  contention is.  However, the fact that the government has

19  put Mr. Wright on the chart does not make Mr. Wright a part

20  of the conspiracy at that particular time, nor does it make

21  Mr. Brown a part of that conspiracy at that particular

22  time.  Absent an additional proffer by the government upon

23  the theory upon which it believes that they were in fact

24  part of the conspiracy as alleged in this indictment, I

25  suggest to the Court the government has not laid even an

492

507

1   adequate foundation to let it in on a conditional basis,

2   which I anticipate it is trying to do.

3          Additionally, I anticipate that Officer Smith is

4   going to testify that he purchased certain substances from

5   Mr. Wright and/or Mr. Brown at the time back in July of 1987

6   and that he is going to testify that those substances are a

7   particular controlled substance.  Absent some showing that

8   Officer Smith had some area of expertise as a chemist, I

9   would suggest to the Court that a proper foundation has not

10  been laid for the introductory of any testimony as to what

11  the substance is.  The government is smiling at me.  They

12  must have that covered, but I am not aware of it at this

13  point.

14          MR. ASH:  Your Honor, in addition --

15          MR. LEE:  Your Honor, before you go, we haven't

16  heard the last few times everybody has been up here at the

17  bench.  Virtually everything Ms. Skalla said we didn't

18  hear.

19          MR. ASH:  Robert Wright is not named as a

20  co-defendant, not indicated anywhere else as an unindicted

21  co-defendant.  We don't know what his link is with this

22  conspiracy.  There is no link.  I think it is improper, Your

23  Honor, and extremely prejudicial.

24          THE COURT:  Ms. Skalla, could you just outline the

25  probative value of all this?  What is the probative value?

1    MS. SKALLA:  Your Honor, the indictment alleged

2  that this organization existed from 1986 through December of

3  1989.  This evidence indicates that Mr. Brown was involved

4  in the distribution of cocaine in at least 1987.  There will

5  be other evidence linking him to the conspiracy in 1986 and

6  actually earlier than that.  These particular witnesses, we

7  will try to stick with them.

8       Your Honor, the events occurred in the Woodbridge

9  neighborhood, in fact, very close to Paul Winestock, Jr.'s

10  house.  U.S. Reid, a co-defendant in this case, was actually

11  present and very close by during, I believe, the second of

12  the transactions on July 15th.  Your Honor, all of these

13  things seem to support the fact that this organization, in

14  whatever form, existed in 1987.  At least we have just

15  distribution of cocaine in the neighborhood with

16  co-conspirators who are actually on trial and some

17  unindicted co-conspirators who will be mentioned later.

18       MR. DREW:  Your Honor, because these transactions

19  took place in the Woodbridge area of Washington, D.C.

20  doesn't necessarily mean that they were part of this

21  particular organization, even if it is by the same people.

22  To just allow the government to introduce every drug

23  transaction that took place in that neighborhood between

24  1986 and 1990 doesn't make it part of the conspiracy.

25       Again, I understand under case law in the Fourth

494

1   Circuit that evidence is admissible subject to being linked

2   up and that type of thing, but there has got to be some

3   exercise of discretion by the Court in deciding how far the

4   government has to show before the jury gets an opportunity

5   to hear that kind of evidence.  I am suggesting at this

6   point that just to say that because a drug deal went down in

7   that neighborhood doesn't make it part of this conspiracy.

8           MR. GEISE:  Your Honor, I am somewhat happy to

9   have one of the super players in the conspiracy alleged to

10  have distributed cocaine accompanied by one of the indicted

11  co-conspirators on the second occasion.  I don't know what

12  exactly Mr. Drew thinks, it has to be a trademark on the

13  powder?  This is a co-conspirator during the period of the

14  conspiracy accompanied by a co-conspirator.  I am not sure

15  what more one could say unless you get the powder to talk

16  that it came from the conspiracy.

17          Also in terms of the chemist, the classic

18  instruction of identification of drugs say that it can be an

19  exhibit or one knowledgeable in the field, based upon the

20  sense of the transaction; that is to say, the jury could

21  conclude beyond a reasonable doubt if it wishes that the

22  drug is cocaine based on the transaction.  So one doesn't

23  have to actually have a chemist.  One doesn't have to have

24  the powder on the table.  You could prosecute a drug

25  conspiracy that is a fully historical conspiracy in which no

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA                    :

    v.                                          :        CRIMINAL NO. WN-90-0454

NORMAN O'NEAL BROWN                         :

                              . . .oOo. . .

OCT 3 1 1991

.INFORMATION OF PRIOR CONVICTION AND
NOTICE OF ENHANCED SENTENCING PROVISIONS

       Comes now the United States, by and through its Counsel,
Richard D. Bennett, United States Attorney for the District of
Maryland, John V. Geise, Assistant United States Attorney and
Barbara S. Skalla, Assistant United States Attorney, and hereby
files, pursuant to the provisions of Title 21, United States Code,
Section 851, this information of prior criminal conviction.

       Title 21, United States Code, Section 851 provides in
pertinent part:

> No person who stands convicted of an offense
> under this part shall be sentenced to increased
> punishment by reason of one or more prior con-
> victions, unless before trial, or before entry
> of a plea of guilty, the United States Attorney
> files an information with the court (and serves
> a copy of such information on the person or
> counsel for the person) stating in writing the
> previous convictions to be relied upon.

       Norman O'Neal Brown was sentenced in Case #87-314 on
September 2, 1988, in the United States District Court for the
District of Columbia for two (2) felony violations of Title 21 of

Movant's §2255 Exhibit A:  p.1

the United States Code §841(a)(1), to wit, two separate distri-
butions of cocaine.

Respectfully submitted,

Richard D. Bennett
United States Attorney

By: _____
John V. Geise
Assistant United States Attorney

_____
Barbara S. Skalla
Assistant United States Attorney
820 U.S. Courthouse
101 W. Lombard Street
Baltimore, MD  21201
(301) 539-2940

I hereby attest and certify on 9/17/02
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my
legal custody.
FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
By _____ Deputy

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October 1991,
a copy of the foregoing Information of Prior Conviction and Notice
of Enhanced Sentencing Provisions was mailed to David Ash, Esquire,
3224 Eastern Avenue, Baltimore, MD 21216.

_____
John V. Geise
Assistant United States Attorney

Movant's §2255 Exhibit A:  p.2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

UNITED STATES OF AMERICA            :

NOV 0 4 1991

    v.                                  :            CRIMINAL NO. WN-90-0454

NORMAN O'NEAL BROWN            AT BALTIMORE
                        CLERK U.S. DISTRICT COURT
                      DISTRICT OF MARYLAND
                  CRIMINAL OO . . DEPUTY
        BY

INFORMATION OF PRIOR CONVICTION AND
NOTICE OF ENHANCED SENTENCING PROVISIONS

Comes now the United States, by and through its Counsel,
Richard D. Bennett, United States Attorney for the District of
Maryland, John V. Geise, Assistant United States Attorney and
Barbara S. Skalla, Assistant United States Attorney, and hereby
files, pursuant to the provisions of Title 21, United States Code,
Section 851, this information of prior criminal conviction.

Title 21, United States Code, Section 851 provides in
pertinent part:

No person who stands convicted of an offense
under this part shall be sentenced to increased
punishment by reason of one or more prior con-
victions, unless before trial, or before entry
of a plea of guilty, the United States Attorney
files an information with the court (and serves
a copy of such information on the person or
counsel for the person) stating in writing the
previous convictions to be relied upon.

Norman O'Neal Brown was sentenced in Case #87-314-02 on
September 12, 1988, in the United States District Court for the
District of Columbia for two (2) felony violations of Title 21 of

Movant's §2255 Exhibit  B:  p.1

the United States Code §841(a)(1), to wit, two separate distri-
butions of cocaine.

Respectfully submitted,

Richard D. Bennett
United States Attorney

By: _John V. Geise_____
John V. Geise
Assistant United States Attorney

_Barbara S. Skalla_____
Barbara S. Skalla
Assistant United States Attorney
820 U.S. Courthouse
101 W. Lombard Street
Baltimore, MD  21201
(301) 539-2940

I hereby attest and certify on 9/17/02
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my
legal custody
FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

By _D. Skinner_____ Deputy

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November 1991,
a copy of the foregoing Information of Prior Conviction and Notice
of Enhanced Sentencing Provisions was handed to David Ash, Esquire.

_John V. Geise_____
John V. Geise
Assistant United States Attorney

Movant's §2255 Exhibit  B:  p.2