IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. WMN-90-0454 |
| | * | |
| NORMAN BROWN | * | |
| | * | |

...oOo...

**RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DENIAL OF
MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

The United States of America, by and through its undersigned counsel, hereby respectfully submits the following in response to the Motion for Reconsideration of the Denial of Petitioner's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) filed in the above case:

### I. Procedural History

Norman Brown was convicted in April 1992, after a lengthy trial. He was subsequently sentenced to life in prison, pursuant to the mandatory provisions of 21 U.S.C. § 841, because he had at least two prior drug trafficking convictions. Brown appealed, but his conviction and sentence were affirmed. See United States v. Ford, 88 F.3d 1350, 1356 (4th Cir.), cert. denied, 519 U.S. 999, 117 S.Ct. 496 (1996).

On April 17, 2001, Brown filed a Motion to Vacate, Set Aside or Correct, pursuant to 28 U.S.C. § 2255. The motion was dismissed as untimely by Order dated June 11, 2003. Brown appealed, but the Fourth Circuit denied a Certificate of Appealability and dismissed the appeal on December 17, 2003.

On November 30, 2006, Brown filed another 2255 motion. It was dismissed without prejudice by Order dated December 12, 2006.



## II. The Pending Motion

On March 23, 2007, Brown filed a Motion Pursuant to 18 U.S.C. § 3582(c) or in the alternative Rule 35(a). By Order dated June 7, 2007, the motion was denied. On June 18, 2007, Brown filed a motion for reconsideration. He argues: 1) that the Court lacked jurisdiction to sentence him to life in prison because the notice, pursuant to 21 U.S.C. § 851, was not timely filed, and 2) that he was erroneously sentenced to life in prison because the enhanced sentence was based on two prior convictions which were part of the conspiracy in this case.[1] These claims cannot be pursued under 18 U.S.C. § 3582(c), and otherwise lack merit.

A.	These claims are not cognizable under 18 U.S.C. § 3582(c).

Brown seeks reconsideration of a denial of a motion pursuant to 18 U.S.C. § 3582(c), which provides, in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case ... the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...upon motion of the defendant... the court may reduce the term of imprisonment...

Rule 35 of the Federal Rules of Criminal Procedure permits a) correction of certain errors within seven days of sentencing, and b) reduction of sentencing for substantial assistance in an

---

[1] Brown also claims that the filing of an untimely notice of prior convictions under 21 U.S.C. § 851 deprives the Court of jurisdiction to impose an enhanced sentence under 21 U.S.C. § 841(b)(1)(A). As the Court noted in its letter of October 17, 2007, this argument was rejected in *United States v. Beasley*, 495 F.3d 142, 146 (4th Cir. 2007).

investigation. Neither provision applies to Brown. Therefore, Brown can only obtain relief if he qualifies under § 3582(c)(3), which he does not. As the Court noted in the June 7, 2007 Memorandum and Order, Brown was sentenced to life in prison under 21 U.S.C. § 841, not under the Sentencing Guidelines, and Brown cannot benefit from the recent amendments to the guidelines applicable to cocaine base (crack) cases. Brown's claims concerning the notice of prior conviction and his two prior convictions are not cognizable under § 3582(c), and for that reason alone his motion for reconsideration should be dismissed and relief should be denied.[2]

B.   **The claims lack factual and legal merit.**

Even if Brown's claims were properly before the Court, they find no support in the law or the facts of this case. Brown claims that the government failed to provide timely notice of prior convictions under 21 U.S.C. § 851. He is mistaken. Section 851(1) provides:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

A first notice of prior conviction was filed with the Court and mailed to Brown's counsel on October 31, 1991. A second copy was filed with the Court and hand-delivered to Brown's counsel in court on November 4, 2001, prior to jury selection. A notice mailed to defense counsel prior to trial is sufficient. *See United States v. Kennedy*, 133 F.3d 53, 58-59 (D.C. Cir.1998) (government need show only that § 851 notice was mailed, and not that it was actually received); *United States*

---

[2] Furthermore, Brown waived or forfeited both of these issues by failing to raise them at trial or on appeal.

*v. White*, 980 F.2d 836, 840 n. 8 (2d Cir.1992) (service of notice sufficient if mailed prior to trial even if received after trial began).

Out of an abundance of caution, the government filed a second notice of prior conviction on November 4, 1991, prior to jury selection.[3] This notice was sufficient, even in the absence of the first notice. See *United States v. Beasley*, 495 F.3d 141, 149 (4th Cir. 2007) ("Because there is no controlling precedent – either in the Supreme Court or in our court – on the issue of when a trial begins for purposes of defining before trial in 851(a), we cannot say that it was error for the district court to assume that a 851 information filed after the jury was selected but before it was sworn was timely filed.") Clearly, the government complied with the requirements of § 851 - twice.

Brown next claims that because his two prior drug distribution convictions were part of the conspiracy in this case, they could not serve as predicate offenses under 21 U.S.C. § 841. This claim lacks legal support. Under 21 U.S.C. § 841(b)(1)(A), Brown faced a mandatory sentence of life in prison because he committed the instant offense "after two or more prior convictions for a felony drug offense [became] final." All that need be shown is that the instant conspiracy continued after the dates of the prior convictions. Brown's prior convictions occurred in 1988, and his involvement in the instant conspiracy continued until 1990. See *United States v. Howard*, 115 F.3d 1151, 1158 (4th Cir. 1997) (rejecting argument that a prior conviction which occurs during a conspiracy cannot be used as a predicate under §841); *United States v. VanDoren*, 182 F.3d 1077, 1083 (9th Cir. 1999)(rejecting defendant's argument that prior "state conviction used to enhance his sentence was

---

[3] In his reconsideration motion, Brown admits that the second notice was filed on November 4, 1991, but claims this was "several days into the empaneling of the jurors..." This is simply incorrect. Jury selection began on November 4, 1991 and concluded on November 5, 1991.

part of the same conspiracy for which he was charged in this case."); *United States v. Martino*, 294 F.3d 346, 350 (2nd Cir. 2002)("We agree with the Fourth, Seventh, and Eleventh Circuits. The dispositive question for purposes of enhancing a mandatory minimum under 21 U.S.C. § 841(b)(1)(A) for a defendant's prior drug-related final conviction is, in our view whether or not the defendant ceased criminal activity after the prior conviction."); *United States v. De Veal*, 959 F.2d 536, 538-39 (5th Cir. 1992)(rejecting defendant's argument that if an earlier state felony conviction for drug activity and the federal conviction on which she was being sentenced were part of the same conspiracy, the earlier conviction should not count for enhancement under 21 U.S.C. § 841. The defendant "had the opportunity to discontinue her involvement in drug trafficking after her 1988 conviction, but declined to do so. She must stand accountable of her intentional criminal actions.")

In making his argument, Brown ignores the authority to the contrary and cites to cases interpreting the career offender provision of the Sentencing Guidelines. This attempt has been rejected by the courts. See *United States v. Rice*, 43 F.3d 601, 608 (11th Cir. 1995) ("[W]e reject [the defendant's] proposal to exclude from the preview of § 841(b)(1)(A) the multiple convictions arising from acts which were distinct in time even though they may have been part of a larger conspiracy unveiled by one coordinated investigation."); *United States. v Garcia*, 32 F.3d 1017, 1019 (7th Cir. 1994) (rejecting argument that guideline § 4A1.2 should control construction of statutory minimum penalties; "[t]he guideline provision explicitly states that the enhancement applies to conduct not related to the instant offense. Section 841(b)(1)(A) does not contain a similar provision. It states only that it applies to offenses committed after the prior conviction becomes final and makes no exception for related conduct.").

### III. Conclusion

For the foregoing reasons, the government submits that the motion for reconsideration should be dismissed and relief should be denied.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: /s/ Barbara S. Skalla
Barbara S. Skalla
Assistant United States Attorney
6500 Cherrywood Lane, Suite 400
Greenbelt, Maryland 20770-1249
301-344-4433

CERTIFICATE OF SERVICE

This is to certify that on this 4th day of February, 2008, a copy of the foregoing Response of the United States of America to Defendant's Motion for Reconsideration of Denial of Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) was sent by first-class mail, postage prepaid, to Mr. Norman Brown, #25415-037, Petersburg - Medium, P.O. Box 90043, Petersburg, Virginia 23804.

Barbara S. Skalla
Assistant United States Attorney