IN THE UNITED STATES DISTRICT COURT

FOR THE 4TH DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>RESPONDENT,<br><br>V.<br><br>WALTER T. SMITH,<br>DEFENDANT | CASE NO. WN-90-0454<br>DEFENDANT #25<br><br><br><br>JUDGE:THE HONORABLE<br>WILLIAM N. NICKERSON |

MOTION UNDER 18 U.S.C. § 3582(c)(2)

FOR MODIFICATION OF SENTENCE

Comes now the defendant, Walter T. Smith Pro-Se, who requests that this Honorable court modify his sentence, due to a change in the U.S. Sentencing Guidelines. On November 1, 2007, the U.S. Sentencing Commission altered the drug quantity Table 2D1.1 to reflect a lower guideline range for possession of cocaine base (crack).

Reposed in this Honorable Court is the jurisdiction and authority to modify the defendant's term of imprisonment herein pursuant to Title 18 U.S.C.§ 3582 (c)(2) which provides: "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (0). Upon motion of the defendant or the Director of the Bureau of Prisons, or on it's own motion, The Court, may reduce the term if imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission".

On January 22, 1993, the defendant Walter T. Smith was sentenced pursuant to Title 21 U.S.C. 841 (A)(1), Possession with the intent to distribute cocaine base (crack)

with the resulting base offense Level 40 and a sentencing range of 292-365 months. Since the defendants criminal history category score was zero(0), he was subsequently sentenced to Level 40 Category I, 292 months. The lowest end of the sentencing guideline range.

In November of 1995, The Sentencing Guidelines were Amended eliminating Level 40 and 42 from the guidelines. Under the Amendment, the highest initial base offense level which could be triggered because of the quantity of drugs involved was Level 38. The government recommended an adjustment in defendant's Smith offense Level 40 to an offense Level 38, which carried a sentencing range of 235-293 months. Since the guidelines have been amended retroactively and this quantity now results in an offense Level 38, the highest available under the quantity table found in § 2D1.1 and which applies to 1.5 kilograms or more of cocaine base (crack). Because of the new amendment the defendant (Smith) was subsequently resentenced by the court to Level 38 Category I, 235 months. The government nor judge in the case had an objection to defendant Smith receiving the low end sentence of 235 months. On the 9th day of December 1996, ordered by the United States District Court for the 4th District of Maryland, the defendant Walter T. Smith was resentenced to Level 38 Category I, 235 months. Under the new amendment (2 level reduction for cocaine base "crack".) Defendant Smith requests that he be placed on a base offense Level 36 Category I, 188 months, especially since the court nor the government objected to defendant Smith being placed at the lowest end of the guidelines in 1996. Defendant Smith has already served 180 plus months excluding good time credit. With Good time credit defendant Smith has served 213 months of his 235 month sentence. If granted the 2 level reduction, defendant Smith requests the court grant him an immediate release, since the defendant has served his 10 year mandatory minimum in the instant case and it should not affect his receiving the benefits of the new amendment. See Varner v. U.S. 413 F. Supp. Ed 623(D.C.S. 2006).

-2-

It is noted that a clarifying amendment "Changes nothing concerning the legal effect of the guidelines, but merely clarifies what the commission deems the guidelines to have already meant" see U.S. v Capers, 61 F.3d 1100 (4th Cir.1995).  On the other hand, a substantive amendment, "has the effect of changing the law in this circuit".  "Ibid Capers".  A defendant is not entitled to the benefit of a substantive amendment that was adopted after the guideline manual used at the defendant's sentencing unless the Sentencing Commission has designated the amendment a retroactive application.  See U.S.S.G. 1B1.10(a) Reduction in Terms of Imprisonment as a result of Amended Guideline Range.

1B1.10 of the Federal Sentencing Guidelines Manual, Captioned "Retroactivity of the Amended Guideline Range(Policy Statement) is compatible with said Title 18 U.S.C. § 3582(c)(2).  The defendant qualifies as to these as to modification of his sentence and would have been qualified if said provisions had been in effect at the time he was sentenced. Under 1B1.10 (b) of the sentencing guidelines, it is provided that, "In determining whether a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have originally imposed had the guidelines, as Amended been in effect at that time".

On December 11, 2007, the Sentencing Commission made a retroactive application to the cocaine base (crack) amendment, which gives defendant Smith the right to petition this court.  The Fourth Circuit itself has ruled correctly when faced with the Sentencing Commission changing an amendment.  The Court of Appeals has stated that a narrow reading of 3582(c)(2) would determine the remedial scheme created by the sentencing reform act. Under the scheme, a defendant whose sentence was computed improperly under the guidelines has, at most three remedies.  First, he/she can challenge the sentence on direct appeal.  See 18 U.S.C.A 3742(a).  Second, he/she can file an application for post-conviction relief pursuant to 28 U.S.C. A. 2255.

(See 18 U.S.C.A. 3582(c)(1)(B) authorizing district courts to modify sentences "to the extent…..expressly permitted by statue"). And Third, if the commission adopts a retroactive amendment demonstrating that the guidelines were applied incorrectly, the defendant can file a 3582(c)(2) motion. (See U.S. V. Goines 357 F. 3d 469 (4th Cir. 2004)

WHERETOFORE, Defendant Smith, whose sentencing guidelines, were hereto calculated by the court to be 235 months, humbly requests of this Honorable Court that his Level 38 be further decreased to Level 36 Category I, 188 months in conformity with the Retroactivity of the 2007 Amendment. Defendant Smith also requests this Honorable Court to decrease his supervised release from 5 years to 3 years. Defendant Smith prays that this Honorable Court grants his Title 18 U.S.C. 3582(c)(2) motion to modify imposed sentence and resentence accordingly.

Respectfully Submitted,

_____
Pro-Se

Dated:_____

## CERTIFICATE OF SERVICE

I, Walter T. Smith, hereby certify that a copy of the foregoing motion to modify imposed sentence was mailed by regular mail, postage prepaid, this 27th day of February 2008 to the address stated as follows:

> Honorable Judge William N. Nickerson
> Clerk of the Court
> U.S. District Court House
> 101 W. Lombard Street
> Baltimore, MD 21210

Dated: February 26, 2008

Submitted By,

Walter T. Smith
Pro-Se