IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.   Criminal No: WMN-90-0454

NORMAN BROWN

TRAVERSE TO THE RESPONDENT'S RESPONSE
TO DEFENDANT'S MOTION FOR RECONSIDERATION
OF THE DENIAL OF MOTION FOR REDUCTION OF SENTENCE PURSUANT
TO 18 U.S.C. § 3582(c)

COMES NOW, the petitioner/defendant Norman Brown, pro-se in the above styled matter and respectfully moves this Honorable Court to allow him to file the instant traverse to the respondent's response to the petitioner's Motion for Reconsideration of the Denial of Petitioner's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c), thereof the following is set forth:

PROCEDURAL HISTORY

The procedural history of this case is as fully set forth in the petitioner's initial motion for reduction of sentence and set forth in the respondent's response. See, also, United States v. Ford, 88 F.3d 1350 (4th Cir. 1992) [Emphasis added].

Upon an order of the Court, the respondent was directed to file a response to Brown's motion for reconsideration where he attacked the **"bona fides"** of his sentence under § 841. In the District Court's order, the court noted that a decision of the Fourth Circuit issued a week after Brown submitted his motion for reconsideration eliminated one of his primary arguments. Citing, United States v. Beasley, 495 F.3d 142, 146 (4th Cir. 2007)(holding that government's failure to comply with notice requirements of 21 U.S.C. § 851 was not jurisdictional).

## ARGUMENT

First, the respondent has argued that Brown's claims are not cognizable under 18 U.S.C. § 3582 (c). The petitioner Brown respectfully disagrees, because Brown's other claims are based on him being actually innocent of his mandatory life sentence without parole where the priors used to enhance his sentence under 21 U S.C. § 841(b)(1)(A)(iii) was part of the same course of conduct his sentence cannot stand, his claims are indeed ripe for this Honorable Courts adjudication. See, Mobley v. U.S., 974 F.Supp 553 (E.D. VA. 1997) ("Actual innocence of non-capital sentence excuses a petitioner from meeting the cause and prejudice requirement for raising a defaulted claim"); U.S. v. Maybeck, 23 F.3d 888 (4th Cir. 1994)("Defendant was prejudiced by career offender sentencing designation for which he was actually innocent and therefore, was entitled to relief".)

-1-

See, also, Spence v. Superintendent, Great Meadow Cor. Fac., 219 F.3d 162, 172 (2nd Cir. 2000)("Where a petitioner shows by clear and convincing proof that he is actually innocent of the conduct in which his sentence is based, the incarceration is fundamentally unjust and the miscarriage of justice exception to the procedural default bar applies".) quoting, Washinton, 996 F.2d at 1450 ("Error rises to the level of 'miscarriage of justice' not because it is conspicuous, but because of the nature or seriousness of it's effect".)

In **Part** B of the AUSA's response, she argues that Brown's claims lacks factual and legal merit. The petitioner Brown submits that is wrong. Brown had argued that his two prior drug distribution convictions were part of the instant offense thus they could not serve as predicate offenses under 21 U.S.C.§ 841. Citing, [ ] United States v. Ford, 88 F.3d 1350 (4th Cir. 1992).

In response to this claim, the AUSA argued that all that need to be shown is that the instant conspiracy continued after the dates of the prior convictions. Brown's prior convictions occurred in 1988, and his involvement in the instant conspiracy continued until 1990. Citing, United States v. Howard, 115 F.3d 1151, 1158 (4th Cir. 1997). In analizing the Fourth Circuit's ruling in Howard, the court held that the statue itself [21 U.S.C. § 841 (b)(1)(A)] contains no definition of the terms "prior" and "final" conviction.

However, the Fourth Circuit in Howard had adopted the reasoning of the Eleventh Circuit in United States v. Hansley, 54 F.3d 709, 717 (11th Cir. 1995). Turning to Hansley, the court of appeals held that "because the question of whether prior convictions [are] related or unrelated for purposes of section 841(b)(1)(A) involves a factual inquiry, the court reviews the district court's decision for clear error." Citing, United States v. Rice, 43 F.3d 601, 606 (11th Cir. 1995). In Rice, the court of appeals held that determination of whether prior convictions were related under U.S.S.G. §§ 4A1.1(a), 4A1.2(a)(2) for clear error.

Now turning to U.S.S.G. § 4A1.2(a)(2) it provides in part that:

> "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentence imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a)(b) and (c)....

See, also, U.S. v. Ford, 88 F.3d 1350, 1356 (4th Cir. 1996)("a defendant should receive Criminal History points for a "prior sentence" only if the prior conviction arises from conduct **not part of the instant offense**.") citing, U.S.S.G. §4A1.2(a)(1). Clearly, the Fourth Circuit's guidance as to what constitute "priors" and "final" convictions lies within the definition promulgated in U.S.S.G. section 4A1.2(a)(2).

-3-

The AUSA, in making her argument has attempted to ignore the key piece of evidence i.e. [the colloquy] in which the government had admitted that Brown's priors were part of the early days of the conspiracy. See, [Trial Transcripts at 804-806.] This has not been disputed, nor could it be. What the AUSA is forever ignoring is that Brown's co-defendant Jeffrey A. Reid argued similiarly that he should not have received criminal history points for the prior drug conviction because it was part of the same course of conduct as his current convictions. The government conceded that Reid should not have received criminal history points for the 1987 conviction. See, U.S. v. Ford, 88 F.3d 1350, 1355 (4th Cir. 1996)

Shockingly, the AUSA in Ford is the same AUSA currently involved in the instant case and has not conceded as it did in Ford that Brown also has been enhanced based on priors that was part of the same course of conduct. The Supreme Court has held that the "Equal Protection Clause does not require that all people be treated alike, it requires that all persons similiarly situated be treated alike". See, e.g. Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440, 105 S.Ct.3249, 87 L Ed 2d 313 (1985).

In the instant case Brown is similiarly situated as his co-defendant in Ford. Although the AUSA cites numerous cases to the contrary, these cases misses the point. It is clear and undisputed that Brown has been sentenced to a mandatory life sentence based on priors that were part of the instant offense, which is strictly forbidden in this circuit as mandated in Ford, supra.

-4-

At risk of flogging the point, the petitioner Norman Brown has made a "bona fide" showing that the priors used to enhance his sentence were part of the instant offense, thus could not be used as predicate offenses to enhanced him to a mandatory life sentence without parole, hence his sentence is illegal.

Wherefore, the petitioner prays this Honorable Court vacate and set aside his sentence and resentence accordingly.

Date: 2-12-08

Respectfully Submitted,

*Norman Brown*
Mr. Norman Brown #25415-037
Petersburg-Medium
P.O. Box 90043
Petersburg, Virginia 23804

## Certificate of Service

I, Norman Brown, certify that I have mailed an original plus one copy to the Clerk of Court. I also have mailed in the same way a true copy to the Assistant United States Attorney. Thank You.

Date: 2-12-08

*Norman Brown*
Mr. Norman Brown #25415-037
Petersburg-Medium
P.O. Box 90043
Petersburg, Virginia 23804