IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA   :

v.   :   CRIMINAL NO. WMN-90-0454

NORMAN BROWN   :
MELVIN FORD
JEFFREY REID   :
MICHAEL SMITH
WALTER SMITH   :
PAUL WINESTOCK

MEMORANDUM AND ORDER

The Court has reviewed the Request To Reduce Sentence and Memorandum of Law filed on behalf of defendants Norman Brown, Melvin Ford, Jeffrey Reid, Michael Smith, Walter Smith and Paul Winestock as well as the Government's Response To Defendants Motions and the Defendants Reply To The Government's Response.

Defendants offer a number of arguments in support of their sentence reduction requests, all of which hinge upon their interpretation of the wording of Title 18, Section 3582(c)(2), authorizing a sentence reduction in the case of " a defendant who has been sentenced to a term of imprisonment **based on** a sentencing range that has subsequently been lowered by the Sentencing Commission…."  Essentially, defendants argue their eligibility for reduction of sentence because the Court's calculation of their final guideline range included the tallying of varying drug quantities attributable to each defendant on individual counts of conviction, several of which included guideline levels comporting with drug quantities for which the base offense level has

now been lowered.

A review of the sentencing proceedings as to each of these defendants, transcripts of which are attached as exhibits to the Government's Response, clearly reveal that the guideline range ultimately calculated for each defendant would also be the correct guideline range if the defendants were sentenced today. The Court finds no merit or persuasive authority in defendants somewhat tortuous argument that their sentences were based on guideline ranges subsequently lowered by the Sentencing Commission, that Section 1B1.10 of the Guidelines is in conflict with Section 3582(c)(2) of Title 18, and that the limiting provisions in Section 1B1.10, relating to sentence reductions, are not applicable. Despite considerable empathy, which the Court expressed at the time of sentencing, and the commendable rehabilitation efforts that have been brought to the Court's attention, the Court is constrained to conclude, as a matter of law, that none of the defendants are eligible for sentence reductions under the provisions of the recently amended guidelines.

Accordingly, IT IS, this 6th day of October, 2008, by the United States District Court for the District of Maryland, ORDERED that Defendants' Requests To Reduce Sentence must be, and hereby are, DENIED.

_____
William M. Nickerson
Senior United States District Judge