IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAUL WINESTOCK | : | |
| Petitioner | : | |
| v | : | Civil Action No. WMN-10-3606 (Related Crim Case WMN-90-454) |
| UNITED STATES OF AMERICA | : | |
| Respondent | : | |

o0o

**ORDER**

The above-captioned Motion to Vacate pursuant to 28 U.S.C. § 2255 was filed on December 20, 2010. ECF No. 1719. Petitioner was convicted of distribution of cocaine base and possession with intent to distribute cocaine.

The instant Motion to Vacate is successive. The first Motion to Vacate was filed on September 21, 1998 (ECF No.1426), and dismissed without prejudice by this Court on May 20, 2000. (ECF No. 1450). A subsequent Motion to Vacate was filed on October 30, 2000 (ECF No. 1461) and denied by this court on November 3, 2000 (ECF No. 1463).[1] Under 28 U.S.C. §2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable

.

Petitioner has not received the proper certification from the Fourth Circuit Court of Appeals. Consequently, this Court may not consider the merits of the claim unless and until Petitioner receives the certification.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the

---

[1] Petitioner has filed four other motions construed as Motions to Vacate all of which were dismissed without

filing of a motion to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file the pleading with the Fourth Circuit Court of Appeals and obtain authorization to file a successive petition before this Court may examine the claims.

In addition to the above-analysis, a certificate of appealability must be considered. Unless a certificate of appealabilty ("COA") is issued, a petitioner may not appeal the Court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

For the reasons set forth herein, this Court is without jurisdiction to review the instant Motion to Vacate. Accordingly, it is this 5th day of January, 2011, by the United States District Court for the District of Maryland, hereby ORDERED that:

---

prejudice because they were successive. *See* ECF No. 1578, 1583, 1598, and 1607.

1. Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 IS DISMISSED without prejudice

2. A Certificate of Appealability IS DENIED;

3. The Clerk IS DIRECTED to MAIL a copy of the foregoing Order and a copy of the instructions and form packet for filing a motion under 28 U.S.C. § 2244 (authorization of District Court to consider second or successive application for relief) to Petitioner; and

4. The Clerk IS FURTHER DIRECTED to CLOSE this case.

/s/

_____
William M. Nickerson
United States District Judge