IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NUMBER: **WMN-90-0454** <br> Defendant No.: 001 |
| **PAUL WINESTOCK, JR.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT WINESTOCK'S RESPONSE TO GOVERNMENT'S ANSWER TO MOTION FOR A SENTENCE REDUCTION

**NOW COMES** the Defendant, Paul Winestock, Jr. (hereinafter, "Defendant"), by and through his attorney, Paul R. Kramer and Paul R. Kramer, LLC, and respectfully submits this Response to the Government's Answer to his Motion for a Sentence Reduction.  The Defendant has directed undersigned counsel to file this response.  In support of this Answer, the Defendant states as follows:

### ANSWER

The Defendant is entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), United States Sentencing Guideline § 1B1.10 (hereinafter, generally "U.S.S.G" or specifically "U.S.S.G. _____", U.S.S.G. § 2D1.1, Amendment 748 (hereinafter, "Amendment _____"), Amendment 750 and other applicable law.  The Defendant asserts the Government's reliance on the report from the Office of United States Parole and Probation as immutable evidence his Motion for a Sentence Reduction should be denied is misplaced.  The Defendant concedes where the all parties agree under the mechanical structure put in place to address Motions for Reduction of Sentence (as a result of Amendment 759 making Amendment 750 relevant to the amount of crack cocaine at issue for a defendant sentenced prior to the implementation of the Fair Sentencing Act of 2010), a determination report from the Office of

United States Parole and Probation (hereinafter, "Parole and Probation") streamlines the process to relieve affected individuals. This does not mean, however, that a determination by Parole and Probation that a given Defendant does not qualify for relief forecloses any action by this Honorable Court. Rather, as outlined in Defendant's Motion for a Sentence Reduction (and the Memorandum of Support thereto) it is merely a piece of the inquiry this Honorable Court engages in to determine eligibility for relief. This would appear to be especially true is cases where, as in the present case, more than one (1) type of drug was involved. As this Honorable Court is aware, pursuant to relevant Amendments and U.S.S.G. 2D1.1, Application Note 6 in "poly-drug" cases all of the narcotics now need to be converted to marihuana before assessing the total weight (so called "marihuana equivalency").

The Government's position in its Answer does not address the stated reasons why Defendant argues he is entitled to relief. The Fourth Circuit Court of Appeals again recently noted this Honorable Court's authority in considering a Motion pursuant to pursuant to 18 U.S.C. § 3582(c)(2). In *United States v. Kenneth Wayne McLeod*, Unpublished Opinion, No. 11-7136, 2012 U.S. App. Lexis 14737 (4th Cir 2012) the Fourth Circuit noted:

> "In reviewing a § 3582 motion, the district court is not permitted to make new findings inconsistent with the factual findings made during the original sentencing. United States v. Woods, 581 F.3d 531, 538 (7th Cir. 2009). However, the court may make new, consistent findings if they are supported by the record. United States v. Hall, 600 F.3d 872, 876 (7th Cir. 2010); see also United States v. Moore, 582 F.3d 641, 646 (6th Cir. 2009)."

The Defendant acknowledges unpublished opinions are not binding precedent, but this does not diminish the acknowledged authority granted this Honorable Court in considering the Defendant's Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2).

For all of the reasons stated in the Defendant's Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and the Memorandum of Law in support thereof, the Defendant asserts

he is entitled to relief. A sentencing court has the authority to reduce a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) when the United States Sentencing Commission has lowered the applicable sentencing range. This Honorable Court has the authority to provide the relief sought based upon the record before it.

## CONCLUSION

For all of the reasons advanced by the Defendant, this Honorable Court should find the Defendant is eligible for relief. As such, based on current sentencing law the Defendant's sentence should be recalculated to a base level 36, criminal history category I. Alternatively, the Defendant respectfully requests this Honorable Court recalculate a sentence for the Defendant at a base level 37, criminal history I.

Respectfully Submitted,

*Paul R. Kramer*
Paul R. Kramer
Paul R. Kramer, LLC
One North Charles Street
Suite 1104
Baltimore, Maryland 21201
(410) 727-5531

## REQUEST FOR A HEARING

Pursuant to Local Rule 105.6, other applicable Local Rule and Federal Rule and Law, the Defendant, Paul Winestock, Jr., respectfully requests a hearing be held on this Motion.

Paul R. Kramer
Paul R. Kramer

## CERTIFICATION

**I HEREBY CERTIFY** on this **18** day of **MARCH**, **2013**, a copy of the foregoing Defendant's Answer and Request for a Hearing were electronically forwarded and mailed first class, postage prepaid, to Barbara Sale, AUSA, the United States Attorney's Office, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201.


                                              <u>Paul R. Kramer</u>
                                              Paul R. Kramer