IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
UNITED STATES OF AMERICA      *
                              *
v.                            *    Criminal No. WMN-90-454
                              *
PAUL WINESTOCK, JR.           *
                              *
                              *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**<u>ORDER</u>**

Before the Court is a Motion for Sentence Reduction and Request for a Hearing, ECF No. 1735, filed by Defendant, Paul Winestock, Jr.  Mr. Winestock is currently serving two concurrently running sentences of 360 months for violating 21 U.S.C. § 841(a)(1).  As he has done before, <u>see</u> ECF Nos. 1631 & 1643, Mr. Winestock asks that his sentence be reduced pursuant to 18 U.S.C. § 3582(c)(2) on account of changes to the sentencing guidelines.

Unfortunately, the Court is again constrained to conclude that Mr. Winestock is not entitled to the relief he seeks.[1] Section 3582(c)(2) provides that a defendant's sentence may be reduced only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Those

---

[1] The Court has previously noted, <u>see</u> ECF No. 1671 at 2, and continues to maintain, its considerable empathy for Mr. Winestock and an appreciation for his substantial efforts at rehabilitation.

policy statements are found in U.S.S.G. § 1B1.10 and include the following:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if - . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

Id. at § 1B1.10(a)(2).  This policy statement is binding on the Court.  See Dillon v. United States, 130 S. Ct. 2683, 2963 (2010) (proceedings under § 3582(c)(2) are not governed by United States v. Booker, 543 U.S. 220 (2005)).  In this case, Mr. Winestock's sentence would be the same under the guidelines as revised, as it was under the guidelines when Mr. Winestock's present sentence was imposed.  Thus, by the very terms of the statute, Mr. Winestock is not entitled to a sentence reduction.[2]

   Therefore, it is this 11th day of April, 2013, by the United States District Court for the District of Maryland, ORDERED that:

---

[2] Perhaps to overcome this obstacle, Mr. Winestock makes a lengthy attack on the Court's sentencing process.  ECF No. 1735-1 at 6-12.  He asserts that there were numerous errors in the Pre-Sentence Report which, if unaddressed, would lead to a manifest injustice.  Id.  These arguments directly attacking his sentence are properly construed as an application for post-conviction relief.  United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).  Because Mr. Winestock has already been denied relief under 28 U.S.C. § 2255, his arguments here are successive and prohibited absent leave from the Fourth Circuit Court of Appeals.  28 U.S.C. 2255(h); 28 U.S.C. § 2244(b)(3)(A).

1. Defendant's Motion for Reduction of Sentence, ECF No. 1687, is DENIED; and

2. The Clerk of the Court transmit a copy of this Order to all counsel of record and mail a copy to Defendant, Paul Winestock, Jr..

_____/s/_____
William M. Nickerson
Senior United States District Judge